UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMY, et al.,

               Plaintiffs,

       v.

APPLE INC.,

               Defendant.

Case No. 24-cv-08832-NW

**ORDER TO SHOW CAUSE; ORDER GRANTING MOTIONS TO SEAL**

Re: ECF Nos. 77, 82

This is a putative class action brought against Apple, Inc. by individuals depicted in Child Sexual Abuse Material ("CSAM") shared using Apple's technology and hosted on Apple's servers. Named Plaintiffs Amy and Jessica (using pseudonyms) allege violations under of products liability and negligence state laws.[1] On October 15, 2025, the Court dismissed Plaintiffs' first amended complaint ("FAC") with partial leave to amend. Plaintiffs timely filed a second amended complaint ("SAC") and Apple timely moved to dismiss. ECF Nos. 77, 81.

In its previous Order, the Court dismissed with prejudice Plaintiffs' sole federal claim. Though the Court no longer has federal question jurisdiction under 28 U.S.C. § 1331, Plaintiffs contend that the Court retains subject matter jurisdiction under §§ 1332(a) and (d).[2] SAC ¶¶ 18-

---

[1] The Court concurrently grants the pending applications to seal the SAC and the relevant portions of the parties' briefing that identify Plaintiffs' states of residence for the reasons set forth in the Court's previous Order. *See* ECF No. 74.

[2] The Court acknowledges that Plaintiffs additionally assert supplemental jurisdiction under § 1367, which permits the Court to retain subject matter jurisdiction in actions even if it no longer retains original jurisdiction over the suit or claims. *See* SAC ¶ 19; 28 U.S.C. § 1367(c)(3). A court should consider "economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction over the remaining state law claims. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Because this case is in the early stages, the Court intends to decline supplemental jurisdiction unless Plaintiffs demonstrate that the Court has

19. Subsection (a) grants a district court diversity jurisdiction in civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." § 1332(a). Subsection (d), known as the Class Action Fairness Act ("CAFA"), expands the Court's jurisdiction to include class actions where the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and where at least one member of the class is "a citizen of a State different from any defendant." § 1332(d).

"Generally, the amount in controversy is determined from the face of the pleadings," *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000), and the party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.,* 878 F.3d 770, 775 (9th Cir. 2017); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). Critically, "conclusory allegations as to the amount in controversy are insufficient." *Matheson*, 319 F.3d at 1090-91.

Here, it is not facially evident from the SAC that the amount in controversy is or exceeds $75,000. As an initial matter, the bulk of requested relief is injunctive, but Plaintiffs do not attempt to quantify the "value of the object of the litigation." Similarly, in the few places Plaintiffs request "compensatory and punitive damages," they are silent as to their quantification of those damages. *See, e.g.*, SAC ¶¶ 298, 308. At their most specific, Plaintiffs allege "severe damages in the form of emotional distress, diagnosed mental health conditions, medical expenses, loss of income and earning capacity, pain and suffering, and reputational harm." *Id.* ¶ 273. But, while this may explain the breadth of care Plaintiffs require, it does not specify how much that care will cost. It is plainly insufficient for Plaintiffs to make the conclusory assertion, without

original jurisdiction over this action.

more, that "the amount in controversy exceeds the minimum value required for diversity jurisdiction." *Id.* ¶ 18.

Because the SAC does not sufficiently allege an amount in controversy exceeding $75,000 (or $5,000,000 per CAFA) on its face, the Court is unable to confirm that it has original jurisdiction over this action or any individual claim. *See, e.g.*, *Murphy v. Finish Line, Inc.*, No. 20-cv-05663-WHO, 2020 WL 5884683, at *3 (N.D. Cal. Oct. 5, 2020) (complaint's conclusory allegation that value of relief "exceeds the minimal jurisdictional limits" deemed insufficiently specific to establish the amount in controversy). Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE ("OSC") why this action should not be dismissed for lack of subject matter jurisdiction, given the Complaint has not adequately pleaded that the $75,000 (or $5,000,000 per CAFA) amount in controversy requirement has been met. Plaintiffs shall respond in writing to the OSC by June 10, 2026, at 5:00 p.m. Any response from Apple is due by June 17, 2026 at 5:00 p.m., and any reply is due June 19, 2026, at 5:00 p.m.

In the alternative, Plaintiffs are granted leave to file an amended complaint within seven days of this order if in good faith Plaintiffs can remedy the deficiency in the current pleadings as discussed above. *See* Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave [to amend] when justice so requires."); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiffs elect to amend their complaint, they may not add any allegations or claims beyond those necessary to address the issue regarding the amount in controversy. If Plaintiffs amend, Apple may refile their motion to dismiss the SAC (ECF No. 81) without any changes, and my file a brief supplemental motion of no more than 5 pages to address Plaintiffs' new allegations regarding jurisdiction only, by June 17, 2026 at 5:00 p.m. Plaintiffs may file an opposition of no more than 3 pages by June 19, 2026 at 5:00 p.m.

**IT IS SO ORDERED.**

Dated: June 3, 2026

Noël Wise
United States District Judge

3